JESSICA LEWIS (SBN 302467)
Jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BAKER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CUMMINS INC., N. THOMAS LINEBARGER, JENNIFER RUMSEY, and MARK A SMITH,<br><br>                    Defendants, | Case No. 2:24-cv-00369-MEMF-SSC<br><br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**<br><br>Hon. Judge Maame Ewusi-Mensah Frimpong<br>Courtroom: 8B<br>Date: February 13, 2025<br>Time: 2:00 p.m. |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**                    Case No. 2:24-cv-00369-MEMF-SSC

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................... 1

ARGUMENT ........................................................................................................... 2

    I.    The Court Should Transfer This Case to the Southern District of Indiana ............................................................................................... 2

        A.    This Action Could Have Been Brought in the Southern District of Indiana ........................................................................ 3

        B.    Transfer Is More Convenient for the Parties and Witnesses ...... 4

            1.    Plaintiff Is an Out-of-State Resident and Consents to Transfer ................................................................. 4

            2.    The Alleged Securities Violations Occurred in Indiana ........................................................................ 5

            3.    The Southern District of Indiana Provides Easier Access to Evidence .......................................................... 5

            4.    The Southern District of Indiana Is a More Convenient Venue for the Parties and Witnesses ............................... 6

        C.    Transfer Serves the Interest of Justice ...................................... 7

            1.    Judicial Economy Favors Transfer ................................... 7

            2.    Indiana Has a Compelling Interest in Resolving Lawsuits Involving Indiana Companies ........................... 8

            3.    Pendency of Related Litigation ........................................ 9

            4.    Familiarity with Applicable Law is Neutral ................... 9

CONCLUSION ...................................................................................................... 10

CERTIFICATE OF COMPLIANCE ...................................................................... 11

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**

Case No. 2:24-cv-00369-MEMF-SSC

# TABLE OF AUTHORITIES

Page(s)

## CASES

*A.J. Industries, Inc., v. C.D. Cal.*, 503 F.2d 384 (9th Cir. 1974) ...............................9

*Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 254064 (C.D. Cal. Jan. 25, 2012)...............................................................................6, 7

*Burgess v. HP, Inc.*, 2017 WL 467845 (N.D. Cal. Feb. 3, 2017)...............................8

*Catherine M. Sugarbaker Family Trust, Michael Mongiello Trustee, U/A DTD 11/08/21 v. Jennifer W. Rumsey et al,* No. 2:24-cv-00975 (C. D. Cal. Feb. 5, 2024) ...............................................................2, 9

*Cielinksi v. Werner Enterprises, Inc.*, 2010 WL 11598076 (C.D. Cal. Sept. 16, 2010)...............................................................................5, 8

*Cont'l Grain v. The Barge FBL–585*, 364 U.S. 19 (1960)...........................................9

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ..........................................................3

*Decter v. MOG Sales*, LLC, 2006 WL 3703368 (E.D. Cal. Dec. 14, 2006)...........................................................................................................7

*Hope v. Lunarlandowner.com, Inc.*, 2022 WL 597579 (E.D. Cal. Feb. 28, 2022).......................................................................................4, 10

*Ingersoll v. Linebarger et al*, No. 1:24-cv-01073 (S.D. Ind. June 24, 2024)...........................................................................................................9

*Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)...........................................................................................................9

*Jones v. GNC Fran., Inc.*, 211 F.3d 495 (9th Cir. 2000).............................2, 3, 4, 5

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497 (C.D. Cal. 1981) .....................................................................................7

*Lather, Inc. v. Gilchrist & Soames, Inc.*, 2020 WL 1140760 (C.D. Cal. Mar. 9, 2020) ...................................................................................3, 8

*Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987)...........................................................4

ii

*Luna v. Wal-Mart Transp., LLC*, 2018 WL 3569357 (C.D. Cal. July 11, 2018)................................................................................................. 8

*New York-New Jersey Amalgamated Pension Plan v. Belske et al*, 49D02-2407-CT-032423 (Marian Cty. Sup. Ct. July 22, 2024).................... 9

*Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088 (N.D. Cal. 2013).................................................................................................5

*PRG-Schultz USA, Inc. v. Gottschalks, Inc.*, 2005 WL 2649206 (N.D. Cal. Oct. 17, 2005) ....................................................................... 7

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559 (Fed. Cir. 1997)................................................................................8

*Secured Mail Sols., LLC v. Advanced Image Direct, LLC*, 2013 WL 8596579 (C.D. Cal. Jan. 30, 2013)..................................................... 8

*Shipping and Transit LLC v. Adorama, Inc.*, 2016 WL 9114146 (C.D. Cal. Aug. 23, 2016) .........................................................3, 5, 6, 8

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988) ....................................................... 3

*Stone v. Sterling Infosystems*, *Inc.*, 2016 WL 11759443 (C.D. Cal. July 1, 2016) ...........................................................................4, 6

*Szegedy v. Keystone Food Prods, Inc.*, 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009).............................................................................. 10

*The Vladimir Gusinsky Revocable Tr. v. Rumsey et al*, No. 1:24-cv-00128 (S.D. Ind. Jan 19, 2024) ...................................................2, 9

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C. §78.................................................................................................3

28 U.S.C. § 1331.............................................................................................3

28 U.S.C. § 1391(d).........................................................................................4

28 U.S.C. § 1404(a) ......................................................................................2, 3

Fed. R. Civ. P. 45(c)(1) .................................................................................... 7

iii

Defendants Cummins Inc. ("Cummins" or the "Company"), N. Thomas Linebarger, Jennifer Rumsey, and Mark A. Smith (collectively, "Defendants"), respectfully submit this Memorandum of Law in Support of their Consented to Motion to Transfer Venue to the U.S. District Court for the Southern District of Indiana. Also submitted herewith is the Declaration of Luther Peters ("Peters Decl.") and the Declaration of Jessica Lewis ("Lewis Decl.").

## **BACKGROUND**

The presumptive lead plaintiff in this action is Richard Kraemer[1] ("Plaintiff"), an individual who purchased Cummins securities and now alleges that Defendants violated federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act"). ECF No. 32 at 2. Plaintiff seeks to advance this theory on behalf of a putative nationwide class. Defendants deny liability.

This motion, however, addresses the procedural issue of where this case should proceed, which is in the U.S. District Court for the Southern District of Indiana. Cummins has its headquarters and principal place of business in the Southern District of Indiana. Compl. ¶ 8; Peters Decl. ¶ 5. The relevant employees, as well as related documents and other evidence, are also located in the Southern District of Indiana. Peters Decl. ¶¶ 6-9. Plaintiff has consented to this transfer, which would move the litigation closer to his home state of Minnesota. Lewis Decl. ¶ 4; ECF No. 12 at 7. Further, the Southern District of Indiana has a substantial interest in resolving litigation against Cummins, which is an Indiana company. Finally, a related, consolidated derivative action is pending in the Southern District of Indiana,[2] and while a consolidated derivative action is also pending in the Central

---

[1] Mr. Kraemer filed an unopposed Motion for Appointment as Lead Plaintiff on March 15, 2024. ECF. No. 12. The Court has recognized that Mr. Kraemer is the presumptive lead plaintiff because a single motion to appoint lead plaintiff has been filed, and no oppositions have been filed. ECF No. 32 at 2. The Court has stated that if no other motions to be appointed lead plaintiff are filed within sixty days of October 3, 2024, Mr. Kraemer will be appointed lead plaintiff at that time. *Id.* at 3.
[2] *See The Vladimir Gusinsky Revocable Tr. v. Rumsey et al*, No. 1:24-cv-00128 (S.D. Ind. Jan 19, 2024).

1

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**                    Case No. 2:24-cv-00369-MEMF-SSC
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**

District of California,[3] the Company intends to move to transfer that case to the Southern District of Indiana for consolidation and/or coordination with the related derivative action as soon as practicable after the stay of that case is lifted.

These considerations, which address both (1) the convenience to the parties and witnesses and (2) interests of justice under Section 1404(a), militate in favor of a transfer to the Southern District of Indiana.  Thus, the Court should order a transfer of venue.

## ARGUMENT

### I. The Court Should Transfer This Case to the Southern District of Indiana

A federal district court is permitted to "transfer any civil action to any other district or division where it might have been brought" if "the convenience of parties and witnesses" and the "interest of justice" call for it.  28 U.S.C. § 1404(a).  The decision is reached by "weigh[ing] multiple factors" to determine whether a transfer would serve the interests of convenience and fairness.  *See Jones v. GNC Fran., Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

While a court may consider factors including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof," the district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Id*. at 498-99 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In their discretion, courts in the

---

[3] *See Catherine M. Sugarbaker Family Trust, Michael Mongiello Trustee, U/A DTD 11/08/21 v. Jennifer W. Rumsey et al,* No. 2:24-cv-00975 (C. D. Cal. Feb. 5, 2024).

2

Central District of California have considered other convenience and fairness factors including, "the convenience of the parties and the witnesses," "the location where the alleged events in the lawsuit took place," "the pendency of related litigation in the transferee forum," and "the public interest in the local adjudication of local controversies." *Shipping and Transit LLC v. Adorama, Inc.*, 2016 WL 9114146, at *2 (C.D. Cal. Aug. 23, 2016).

Here, Plaintiff could have brought his action in the Southern District of Indiana, and factors of both private convenience and public fairness counsel in favor of a transfer to that venue.

### A. This Action Could Have Been Brought in the Southern District of Indiana

Significantly, the Southern District of Indiana is a district where this action could have been brought. *See* 28 U.S.C. § 1404(a); *see also, e.g., Lather, Inc. v. Gilchrist & Soames, Inc.*, 2020 WL 1140760, at *2 (C.D. Cal. Mar. 9, 2020) (explaining, before granting § 1404(a) motion, that action "might have been brought" in transferee court with subject matter jurisdiction, personal jurisdiction, and proper venue). Indeed, subject matter jurisdiction would exist in the Southern District of Indiana under 28 U.S.C. § 1331 because this action alleges violations of a federal law, namely Section 10b of the Exchange Act, and Section 27 of the Exchange Act (15 U.S.C. §78aa) gives federal courts exclusive jurisdiction over such cases. In addition, the individual defendants are subject to personal jurisdiction in the Southern District of Indiana because they reside in the Southern District of Indiana, and Cummins is subject to personal jurisdiction in the Southern District of Indiana because its headquarters and principal place of business are within that district. *See* Compl. ¶¶ 8; Peters Decl. ¶ 5; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Finally, venue in the Southern District of Indiana is proper because Cummins, a corporate defendant, resides in any district in which it is subject to personal

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**                    Case No. 2:24-cv-00369-MEMF-SSC

jurisdiction when an action commences. 28 U.S.C. § 1391(d) ("[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction . . . .").

### B. Transfer Is More Convenient for the Parties and Witnesses

#### 1. Plaintiff Is an Out-of-State Resident and Consents to Transfer

With respect to the plaintiff's choice of forum, *Jones*, 211 F.3d at 498, any "deference to plaintiff's choice of forum is diminished where plaintiff does not reside in the chosen forum." *Hope v. Lunarlandowner.com, Inc.*, 2022 WL 597579, at *4 (E.D. Cal. Feb. 28, 2022). The original named plaintiff who brought suit, Tom Baker, was a resident of Canada. Civil Cover Sheet, ECF No. 2 at 1. Therefore, deference to his "choice of forum must be reduced accordingly." *Hope*, 2022 WL 597579 at *4. Mr. Kraemer, the presumptive Plaintiff here, is not only not bound by Baker's choice of forum, but as a Minnesota resident, ECF No. 12 at 7, he benefits little from proceeding with this case in California. Moreover, because Plaintiff seeks to represent a nationwide class action, his initial choice of forum warrants less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); *Stone v. Sterling Infosystems, Inc.*, 2016 WL 11759443, at *6 (C.D. Cal. July 1, 2016) ("In a purported class action, where there are hundreds of potential plaintiffs equally entitled to go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened"). Indeed, the *only* forum relevant to all putative class members is the Southern District of Indiana—where Cummins issued the official

4

statements that Plaintiff challenges as fraudulent.  Finally, Plaintiff consents to transferring this case to the Southern District of Indiana.

### 2. The Alleged Securities Violations Occurred in Indiana

In terms of "the contacts relating to the plaintiff's cause of action in the chosen forum," *Jones*, 211 F.3d at 498, this factor weighs in favor of transferring the action to Indiana.  Any contacts that Cummins has with the Southern District of California are unrelated to this lawsuit alleging violations of federal securities law.  The conduct at issue in this case—namely the statements Plaintiff challenges as false or misleading—occurred in the Southern District of Indiana, not in the Central District of California, where the named plaintiff initially filed suit.  Plaintiff challenges statements allegedly made by, and on behalf of, Cummins in SEC filings and press releases.  Compl. ¶¶ 18-85.  Cummins maintains its principal place of business in Indiana, and that is the location associated with its official statements.  *See* Peters Decl. ¶¶ 5-6, 9.  Thus, this factor militates in favor of a transfer.

### 3. The Southern District of Indiana Provides Easier Access to Evidence

Another key factor for the Court's consideration is "the ease of access to sources of proof." *Jones*, 211 F.3d at 498-99.  Although "advances in information technology have lessened the importance of this factor, the location of physical documents nevertheless remains a relevant factor." *Shipping and Transit LLC*, 2016 WL 9114146, at \*3 (citations omitted).  In addition, "costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored." *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013).  In this case, Plaintiff does not reside in California, and documents or other evidence relevant to this action are located at Cummins's headquarters in Indiana.  Thus, this factor favors transfer. *See Cielinksi v. Werner Enterprises, Inc.*, 2010 WL 11598076 (C.D. Cal. Sept. 16, 2010) ("[e]ase of access to evidence favors

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**  
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**  
Case No. 2:24-cv-00369-MEMF-SSC

transfer to Nebraska, since that is where [defendant corporation] is headquartered and maintains its records relevant to this action.").

> 4.    The Southern District of Indiana Is a More Convenient Venue for the Parties and Witnesses

Finally, courts consider the convenience of the parties and witnesses of litigating in a particular forum. This fourth factor weighs heavily in favor of transfer.

### 1.    Convenience of Parties

Litigating in Indiana would be more convenient for both parties than litigating in the Central District of California. *First*, Plaintiff lives in Minnesota. Thus, traveling to Indiana would be significantly more convenient for him than going across the country to the Central District of California. *Second*, Plaintiff has consented to a transfer. *See supra* at 1. *Third*, litigating this case in the Central District of California will be far more expensive and cumbersome for Cummins than if the case is transferred to the Southern District of Indiana, where "its headquarters and employees are located." *See* Peters Decl. ¶¶ 5-9; *Bradley-Brown v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 254064, at *3 (C.D. Cal. Jan. 25, 2012) (granting motion to transfer to corporation's home forum where a "transfer would make litigation significantly more convenient for [the] defendant while not increasing plaintiff's inconvenience.").

### 2.    Convenience of Witnesses

Turning to the convenience of the witnesses,[4] courts in the Central District of California have found that the "convenience of the witnesses is the most important consideration in determining whether to transfer venue." *Shipping and Transit LLC.*, 2016 WL 9114146, at *3 (citing *Bradley-Brown*, 2012 WL 254064, at *2); *L.A.*

---

[4] *See Stone v. Sterling Infosystems, Inc.*, 2016 WL 11759443, at *7 (C.D. Cal. July 1, 2016) ("The seventh *Jones* factor considers the availability of compulsory processes for third-party witnesses, and implicitly, the convenience of the witnesses.").

6

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**                                    Case No. 2:24-cv-00369-MEMF-SSC
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**

*Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981)). A court should consider whether transfer would eliminate inconvenience and unnecessary expenses related to witnesses. *See PRG-Schultz USA, Inc. v. Gottschalks, Inc.*, 2005 WL 2649206, at *3 (N.D. Cal. Oct. 17, 2005) (explaining that transfer does not shift inconveniences if transferring would "eliminate the need for numerous witnesses to travel").

Most of the current and former Cummins employees who would have knowledge relevant to the allegations in Plaintiff's complaint are located in Indiana. Peters Decl. ¶¶ 4-7. The convenience of these employees—who are considered non-party witnesses—should be given significant consideration. *See, e.g.*, *Decter v. MOG Sales*, LLC, 2006 WL 3703368, at *2 (E.D. Cal. Dec. 14, 2006) (citing *L.A. Mem'l Coliseum Comm'n*, 89 F.R.D. at 501). Here, Indiana-based witnesses will undoubtedly be necessary for evidentiary hearings and trial, and they cannot be compelled to testify live in the Central District of California. *See* Fed. R. Civ. P. 45(c)(1). In Indiana, the parties would have the power under Rule 45(c)(1) to subpoena Indiana witnesses for trial testimony. In California, the parties would have no such power. *Id.* Thus, were this suit to proceed in California, there is a risk that some witnesses would be unavailable for attendance at hearings or trial. And even for those witnesses who agree to appear voluntarily at trial, they (or Cummins) would incur significant travel costs to appear in California. None of those issues will be present if this case proceeds in Indiana, and the testimony of these witnesses can be better guaranteed by transferring the case.

In sum, the convenience of the parties and witnesses strongly favors transfer to the Southern District of Indiana.

### C.     Transfer Serves the Interest of Justice

#### 1.     Judicial Economy Favors Transfer

7

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**                    Case No. 2:24-cv-00369-MEMF-SSC

Courts have described the "interest of justice" factor as a "catchall factor, which includes considerations of judicial economy and any other concerns that weigh on the decision to transfer." *Shipping and Transit LLC*, 2016 WL 9114146 at *4 (citing *Secured Mail Sols., LLC v. Advanced Image Direct, LLC*, 2013 WL 8596579, at *6 (C.D. Cal. Jan. 30, 2013); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)). For example, courts may consider factors such as "the public interest in the local adjudication of local controversies," "the location where the alleged events in the lawsuit took place," and "the pendency of related litigation in the transferee forum." *Shipping and Transit LLC,* 2016 WL 9114146, at *2.

### 2. Indiana Has a Compelling Interest in Resolving Lawsuits Involving Indiana Companies

California does not have a particular local interest in adjudicating this case, as the district where the "'crux' of the case lies is the preferred District." *Burgess v. HP, Inc.*, 2017 WL 467845, at *12 (N.D. Cal. Feb. 3, 2017). Courts may also consider "the respective parties' contacts with the forum . . . [and] the contacts relating to the plaintiff's cause of action in the chosen forum." *Lather, Inc.*, 2020 WL 1140760, at *3. Here, the alleged events occurred in Indiana—not California; Defendant Cummins is incorporated in, has its headquarters in, and conducts its corporate business in the Southern District of Indiana; the three named defendants either currently, or until very recently, worked for Cummins in the Southern District of Indiana; and Plaintiff is not a resident of California. *See Cielinksi*, 2010 WL 11598076, at *3 (transferring case from California to Nebraska where plaintiff did not reside in California and defendant corporation had headquarters in Nebraska); *see also Luna v. Wal-Mart Transp., LLC*, 2018 WL 3569357, at *2-3 (C.D. Cal. July 11, 2018) (transferring class action with named plaintiff from California to Arkansas, because defendant's headquarters were in Arkansas).

8

### 3.    Pendency of Related Litigation

"The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) (citing *A.J. Industries, Inc., v. C.D. Cal.*, 503 F.2d 384, 389 (9th Cir. 1974); *Cont'l Grain v. The Barge FBL*–585, 364 U.S. 19, 26 (1960)).  Here, there are five related derivative actions based on substantially similar facts to this class action.[5]  Two of the actions—*Gusinsky* and *Ingersoll*—have been consolidated and are stayed in the Southern District of Indiana, while *NY-NJ Amalgamated Pension Plan* is pending in Indiana's Marion County Superior Court.  The other two—*Sugarbaker* and *Leung*—were consolidated and remain stayed in the Central District of California pending resolution of a Motion to Dismiss in this action.  *See* Exhibit A, Order Granting Stipulation Consolidating Related Actions, Appointing Lead Counsel, and Temporarily Staying Derivative Action, *Sugarbaker*, No. 2:24-cv-00975, ECF No. 24.  Upon final resolution of the Motion to Dismiss in this action, Defendants intend to move to transfer *Sugarbaker* and *Leung* to the Southern District of Indiana for consolidation and/or coordination with *Gusinsky* and *Ingersoll* as soon as practicable.  *See* Exhibit B, *Gusinsky*, No. 1:24-cv-00128, ECF No. 51 at 4.  Thus, this factor favors transfer to the Southern District of Indiana because "it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous (sic) litigation and inconsistent results." *Jolly*, 2005 WL 2439197 at *2 (citations omitted).

### 4.    Familiarity with Applicable Law is Neutral

---

[5] Those actions are: *The Vladimir Gusinsky Revocable Tr. v. Rumsey et al*, No. 1:24-cv-00128 (S.D. Ind. Jan 19, 2024) ("*Gusinsky*"); *Ingersoll v. Linebarger et al*, No. 1:24-cv-01073 (S.D. Ind. June 24, 2024) ("*Ingersoll*"); *New York-New Jersey Amalgamated Pension Plan v. Belske et al*, 49D02-2407-CT-032423, (Marian Cty. Sup. Ct. July 22, 2024) ("*NY-NJ Amalgamated Pension Plan*"); *Catherine M. Sugarbaker Family Tr., Michael Mongiello Trustee, U/A DTD 11/08/21 v. Rumsey et al*, No. 2:24-cv-00975 (C.D. Cal. Feb. 2, 2024) ("*Sugarbaker*"); *Roberta Ann K.W. Wong Leung Rev U/A DTD 03/09/2018 v. Rumsey et al*, No. 2:24-cv-01018 (C.D. Cal. Feb. 6, 2024) ("*Leung*").

9

Finally, each court's familiarity with the applicable law is neutral because this is a putative federal securities class action. Either federal district court may be called upon to apply federal law and is equally capable of performing this task. *See, e.g., Gnanaraj v. Lilium N.V.*, 2023 WL 11904069 at *5 (C.D. Cal. Feb. 10, 2023). In short, this factor is neutral, and, weighed against the other interest of justice factors, does not upset the conclusion that the interest of justice favors transferring this case to the Southern District of Indiana.

## CONCLUSION

For the foregoing reasons, the Court should grant Cummins's consented to motion and transfer this action to the U.S. District Court for the Southern District of Indiana.

Dated: January 6, 2025                    Respectfully submitted,

                                          */s/ Jessica Lewis*

                                          Jessica Lewis (SBN 302467)
                                          WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                          One Front Street, Suite 3500
                                          San Francisco, California, 94111
                                          Jessica.lewis@wilmerhale.com
                                          Telephone: (628) 235-1002
                                          Facsimile: (628) 235-1001

                                          *Counsel for Defendants*

10

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**                    Case No. 2:24-cv-00369-MEMF-SSC
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,814 words, which complies with the word limit of L.R. 11-6.1.


Dated: January 6, 2025                    */s/ Jessica Lewis*
                                          Jessica Lewis

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**                    Case No. 2:24-cv-00369-MEMF-SSC
**OF THEIR CONSENTED TO MOTION TO TRANSFER VENUE**