# Exhibit A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

CATHERINE M. SUGARBAKER FAMILY TRUST, MICHAEL MONGIELLO TRUSTEE, U/A DTD 11/08/21, Derivatively on Behalf of CUMMINS INC.,

Plaintiff,

v.

JENNIFER W. RUMSEY, N. THOMAS LINEBARGER, MARK A. SMITH, ROBERT J. BERNHARD, BRUNO V. DI LEO ALLEN, STEPHEN B. DOBBS, GARY L. BELSKE, CARLA A. HARRIS, THOMAS J. LYNCH, WILLIAM I. MILLER, GEORGIA R. NELSON, KIMBERLY A. NELSON, KAREN H. QUINTOS, FRANKLIN R. CHANG DIAZ, ALEXIS M. HERMAN, and ROBERT K. HERDMAN,

Defendants,

-and-

CUMMINS INC., an Indiana Corporation,

Nominal Defendant.

Case No. 2:24-cv-00975-MEMF-SSC

**ORDER GRANTING STIPULATION CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD COUNSEL, AND TEMPORARILY STAYING DERIVATIVE ACTION [ECF NO. 23]**

Judge: Maame Ewusi-Mensah Frimpong
Courtroom: 8B
Date Action Filed: Feb. 5, 2024

[caption continued on next page]

ROBERTA ANN K.W. WONG LEUNG REV U/A DTD 03/09/2018, Derivatively on Behalf of CUMMINS INC.,

          Plaintiff,

      v.

JENNIFER W. RUMSEY, N. THOMAS LINEBARGER, MARK A. SMITH, ROBERT J. BERNHARD, BRUNO V. DI LEO ALLEN, STEPHEN B. DOBBS, GARY L. BELSKE, CARLA A. HARRIS, THOMAS J. LYNCH, WILLIAM I. MILLER, GEORGIA R. NELSON, KIMBERLY A. NELSON, KAREN H. QUINTOS, FRANKLIN R. CHANG DIAZ, ALEXIS M. HERMAN, and ROBERT K. HERDMAN,

          Defendants,

     -and-

CUMMINS INC., an Indiana Corporation,

          Nominal Defendant.

Case No. 2:24-cv-01018-MEMF-SSC

Judge: Maame Ewusi-Mensah Frimpong
Courtroom: 8B
Date Action Filed: Feb. 6, 2024

Exhibit A-2

The Court, having considered the parties' Stipulation Consolidating Related Actions, Appointing Lead Counsel, and Temporarily Staying Derivative Action ("Stipulation")[1] and finding good cause therefor, hereby GRANTS the Stipulation and ORDERS as follows:

### CONSOLIDATION

1.      The Related Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial (the "Consolidated Derivative Action").

2.      Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CUMMINS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 2:24-cv-00975-MEMF-SSC |
| | (Consolidated with Case No. 2:24-cv-01018-MEMF-SSC) |
| This Document Relates To: | |
| ALL ACTIONS. | |

3.      The files of the Consolidated Derivative Action shall be maintained in one file under Master File No. 2:24-cv-00975-MEMF-SSC.

### CO-LEAD COUNSEL

4.      Co-lead counsel for plaintiffs ("Co-Lead Counsel") in the Consolidated Derivative Action are:

ROBBINS LLP
BRIAN J. ROBBINS
KEVIN A. SEELY
5060 Shoreham Place, Suite 300

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning set forth in the Stipulation.

- 3 -

San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsllp.com
kseely@robbinsllp.com

and

LEVI & KORSINSKY, LLP
GREGORY M. NESPOLE
DANIEL TEPPER
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
gnespole@zlk.com
dtepper@zlk.com

5.     Co-Lead Counsel shall have sole authority to speak for plaintiffs in matters regarding pre-trial procedure, trial, and settlement, and shall make all work assignments in such manner as to facilitate the orderly, efficient, and effective prosecution of the Consolidated Derivative Action, and to avoid duplicative or unproductive effort.

6.     Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs.  No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through Co-Lead Counsel.

7.     Co-Lead Counsel shall be responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel, and shall be responsible for communication with Defendants' counsel on matters of case administration and scheduling.  Co-Lead Counsel shall further be responsible for creating and maintaining a master service list of all parties and their respective counsel.

- 4 -

8.      Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

**TEMPORARY STAY OF THE CONSOLIDATED DERIVATIVE ACTION**

9.      Defendants need not respond to either of the complaints filed in the Related Actions or any other complaint now pending before, or later filed in, remanded to, or transferred to, this Court which arises out of the same or similar facts and allegations as contained in the Related Actions.

10.     All proceedings in the Consolidated Derivative Action shall be stayed until the earlier of the denial of a motion to dismiss in the Securities Class Action in whole or in part, or the granting of a motion to dismiss with prejudice.  Any of the parties to this Stipulation can request that the Court lift the voluntary stay upon good cause shown by giving the other party thirty (30) days' notice that they believe that good cause exists to lift the voluntary stay of the Consolidated Derivative Action and thereafter bringing the matter to the Court's attention and requesting that the stay of the Consolidated Derivative Action be lifted.

11.     Within thirty (30) days after the denial of a motion to dismiss in the Securities Class Action, in whole or in part, or the granting of the Motion to Dismiss with prejudice (whichever occurs first), the Parties to the Consolidated Derivative Action will meet and confer in good faith to determine whether a further stay is warranted and to set a schedule for the Consolidated Derivative Action going forward, and will submit a proposed scheduling stipulation for this Court's review and approval.

12.     Defendants shall promptly notify Plaintiffs of the filing of any related stockholder derivative actions, demands for books and records under Indiana Code §23-1-52-2, or litigation demands made upon the Company's board of directors that concern the same or similar subject matter as the complaints in the Related Actions.

Exhibit A-5

Defendants will provide Plaintiffs with copies of all documents produced in response to any demands for books and records under Indiana Code §23-1-52-2 that concern the same or similar subject matter as the complaints in the Related Actions.

13. If Defendants engage in mediation in the Securities Class Action, Defendants agree to provide Plaintiffs with reasonable advance notice of the mediation and shall invite Plaintiffs to participate in the mediation or separately mediate with Plaintiffs as soon as practicable thereafter.

14. If Defendants engage in any settlement conferences or mediations in any shareholder derivative actions initiated on behalf of Cummins based on any of the same or similar set of facts as those alleged in this Consolidated Derivative Action, Defendants agree to provide Plaintiffs with reasonable advance notice of such settlement conferences or mediations and shall invite Plaintiffs to participate in such settlement conferences or mediations or separately mediate with Plaintiffs as soon as practicable thereafter.

15. If Defendants provide or have provided documents to the plaintiffs in the Securities Class Action in connection with mediation or settlement discussions, Defendants agree to promptly provide the same documents to Plaintiffs in this Consolidated Derivative Action on the same terms they are provided to the plaintiffs in the Securities Class Action, subject to the entry of an appropriate protective order and the other provisions of this Stipulation.

16. At any time during the pendency of the stay, Plaintiffs may file a consolidated and/or amended complaint, but Defendants need not respond to any such complaint until after the termination of the stay, on such a date as to which the Parties agree or when the Court directs.

17. Nothing herein shall prejudice any right of Defendants to move to transfer the Consolidated Derivative Action. Plaintiffs acknowledge that Defendants have stated that they agreed to the stay set forth in this Stipulation for convenience

- 6 -

and as a temporary compromise notwithstanding Defendants' position that the Consolidated Derivative Actions should proceed, if at all, in Indiana. Likewise, Defendants acknowledge Plaintiffs' position is that the Consolidated Derivative Actions should proceed in this Court. Plaintiffs agree not to argue that the passage of time that will occur due to the stay supports the denial of any motion to transfer.

18. By entering into this Stipulation, the parties do not waive any rights not specifically addressed herein.

## **RELATED MATTERS**

19. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), all parties consent to service by e-mail of any document required to be served in the Consolidated Derivative Action.

20. The Order approving this Stipulation shall apply to each case, arising out of the same or similar transactions and/or events as the Related Actions which is subsequently filed in, remanded to, or transferred to this Court. When a case which properly belongs as part of the *In re Cummins, Inc. Stockholder Derivative Litigation*, Lead Case No. 2:24-cv-00975-MEMF-SSC, is hereafter filed in, remanded to, or transferred to this Court, counsel for the parties shall call such filing, remand, or transfer to the attention of the clerk of this Court for purposes of moving the Court for an order consolidating such case(s) with *In re Cummins, Inc. Stockholder Derivative Litigation*, Lead Case No. 2:24-cv-00975-MEMF-SSC. Counsel for the parties will further assist in assuring that counsel for the parties in such subsequent action(s) receive notice of the Order approving this Stipulation.

IT IS SO ORDERED.

Dated: May 1, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

- 7 -

Exhibit A-7