# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| THE VLADIMIR GUSINSKY REVOCABLE TRUST, derivatively on behalf of CUMMINS INC., <br><br>      Plaintiff, <br><br> v. <br><br> JENNIFER RUMSEY, NORMAN T. LINEBARGER, GARY L. BELSKE, ROBERT J. BERNHARD, BRUNO V. DI LEO, STEPHEN B. DOBBS, DANIEL W. FISHER, CARLA A. HARRIS, THOMAS J. LYNCH, WILLIAM I. MILLER, GEORGIA R. NELSON, KIMBERLY A. NELSON, ALEXIS M. HERMAN, and KAREN H. QUINTOS, <br><br>      Defendants, <br><br> and <br><br> CUMMINS INC., <br><br>      Nominal Defendant. | Case No.: 1:24-cv-128-TWP-MKK |

**STATUS REPORT**

Pursuant to the Court's April 25, 2024 Order, ECF No. 45, nominal Defendant Cummins Inc. ("Cummins"), Jennifer Rumsey, Norman T. Linebarger, Gary L. Belske, Robert J. Bernhard, Bruno V. Di Leo, Stephen B. Dobbs, Daniel W. Fisher, Carla A. Harris, Thomas J. Lynch, William I. Miller, Georgia R. Nelson, Kimberly A. Nelson, Alexis M. Herman, and Karen H. Quintos (collectively, the "Individual Defendants," and, together with Cummins, "Defendants"), respectfully submit the following status report:

- 1 -

1.      Plaintiff commenced the above-captioned action (the "*Gusinsky* Action"), asserting claims for breach of fiduciary duties and unjust enrichment, derivatively on behalf of Cummins against the Individual Defendants, on January 19, 2024. *See* ECF No. 1. Just four days earlier, a purported shareholder of Cummins filed a putative class action lawsuit alleging violations of the federal securities laws against Cummins, Norman T. Linebarger, Jennifer Rumsey, and Mark A. Smith. That action is currently pending in the U.S. District Court for the Central District of California and captioned *Baker v. Cummins Inc., et al.*, No. 2:24-cv-00369-MEMF-SSC ("*Baker*" or the "Securities Class Action"). The *Gusinsky* Action's claims of breach of fiduciary duties and unjust enrichment are based on the same factual allegations as those underlying the *Baker* Action. *Compare Gusinsky* ECF No. 1 at 13–33 with *Baker* ECF No. 1 at 4–42.

2.      On April 17, 2024, the parties to this action jointly moved to stay proceedings. ECF No. 40. The parties agreed that because of the overlap of issues in the *Gusinsky* Action and the Securities Class Action, a stay of the *Gusinsky* Action pending the resolution of a motion to dismiss in the Securities Class Action would promote just and efficient case management and conserve the resources of the parties and the Court. *Id.*

3.      *Baker* is governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") 104 P.L. 67. The PSLRA requires the *Baker* court to appoint a lead plaintiff and lead counsel to supervise or manage the class action litigation on behalf of absent class members. 15 U.S.C. § 78u-4(a)(3). A key component of the lead plaintiff appointment process involves the filing of motions for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA allows the court-appointed lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The appointment of a lead plaintiff and the selection of lead

- 2 -

counsel are important gating issues in every case governed by the PSLRA.  Once those issues have been resolved, Defendants anticipate that the lead plaintiff will file an amended complaint and the parties will stipulate to a schedule to complete the briefing on Defendants' anticipated motion to dismiss.  Thereafter, the case should proceed towards resolution of the motion to dismiss.

4.      When the parties filed their Joint Motion to Stay, a single motion to appoint a lead plaintiff in the Securities Class Action had been filed, *Baker* ECF No. 12, and no oppositions had been filed.  Nevertheless, on March 22, the *Baker* Court continued the hearing on the motion to appoint a lead plaintiff until August 15, 2024.  *Baker* ECF No. 15.  Thereafter, on April 19, the movant for the proposed lead plaintiff filed a Notice of Non-Opposition and Waiver of Oral Argument.  *Baker* ECF Nos. 18 and 19.  Recently, on August 8, 2024, the *Baker* court continued the hearing on the motion to appoint a lead plaintiff until October 3, 2024.  *Baker* ECF No. 24.

5.      On April 25, 2024, the Court held an initial pretrial conference in the *Gusinsky* Action.  ECF No. 45.  At that conference, the parties discussed the Motion to Stay and the status of the pending Securities Class Action.  That same day, the Court granted the motion to stay the *Gusinsky* Action, but only until August 30, 2024.  *Id.*  The Court also ordered Defendants to submit a status report by August 23, 2024, providing an update on the status of the Securities Class Action. *Id.*

6.      Despite the parties' best efforts to advance the Securities Class Action, the *Baker* proceeding awaits a ruling from the court on the pending motion to appoint a lead plaintiff.  Only one motion for appointment of a lead plaintiff in the Securities Class Action has been filed, *Baker* ECF No. 11, no oppositions have been filed, *Baker* ECF No. 18, and the applicant for lead plaintiff, Richard Kraemer has waived oral argument and asked that the Court decide his motion without a

- 3 -

hearing, *Baker* ECF No. 19.  The *Baker* court has twice*,* however, *sua sponte*, continued the hearing on the motion to appoint a lead plaintiff.  That hearing is currently set for October 3, 2024, after the *Baker* Court *sua sponte* continued the hearing for the second time on August 8, 2024.  *Baker* ECF Nos. 15 & 24.  The defendants in the Securities Class Action have also diligently sought to expedite ruling on the matter.  In furtherance of that goal, the defendants filed a notice of non-opposition to the motion for appointment of a lead plaintiff on August 9, 2024.  *See Baker* ECF No. 25.

7.    After the court in *Baker* resolves the unopposed motion for appointment of a lead plaintiff, Defendants intend to transfer *Baker* (by anticipated agreement with Lead Plaintiff, or, in the absence of such agreement, by opposed motion if necessary) to the United States District Court for the Southern District of Indiana, as soon as practicable.

8.    Although the Securities Class Action is still awaiting a ruling on the unopposed motion for appointment of a lead plaintiff, Defendants respectfully submit that staying this Action pending the resolution of a motion to dismiss the Securities Class Action continues to be in the best interests of the court and the parties.  Such a stay would preserve judicial resources and the resources of the parties, and narrow the issues to be litigated.  Moreover, a stay pending resolution of a motion to dismiss the Securities Class Action does not prejudice the parties.  By contrast, allowing this case to move forward could prejudice the Company, and could result in duplicative litigation and contradictory rulings in other parallel derivative cases or matters.

9.    While the Court's stay in *Gusinsky* has been in place, on June 24, 2024, a second purported shareholder of Cummins commenced a separate shareholder derivative action in the United States District Court for the Southern District of Indiana, involving many of the same

- 4 -

parties and substantially similar claims as the *Gusinsky* Action.  *Ingersoll v. Linebarger et al.*, No. 1:24-cv-01073-TWP-MKK (the "*Ingersoll* Action", and together with the "*Gusinsky*" Action, the "Related Derivative Actions").  *See Ingersoll* ECF No. 1.  The civil cover sheet listed both the *Gusinsky* Action and the Securities Class Action as related actions.  *See Ingersoll* ECF No. 1-1.

10.     On July 16, 2024, after the filing of the *Ingersoll* Action, the parties in the Related Derivative Actions filed a motion to consolidate the *Gusinsky* Action and the *Ingersoll* Action, extend the deadline for Defendants to respond, and stay the consolidated case.  ECF No. 46.  In the joint motion, the parties agreed that consolidating and staying both the Related Derivative Actions would promote just and efficient case management, conserve the resources of the parties and the Court, and simplify the issues to be litigated, because of the overlap between the facts and circumstances alleged in the Related Derivative Actions and those alleged in the Securities Class Action.  That motion remains pending before this Court.

11.     In the meantime, on August 16, 2024, the parties to the *Ingersoll* Action submitted a joint motion to continue the date of the initial pretrial conference currently scheduled for August 23, 2024, and extend the attendant deadline for submission of a proposed Case Management Plan, pending a ruling on the Parties' motion to consolidate and stay the Related Derivative Actions (which, in turn, rests on overlap between the *Ingersoll, Gusinsky,* and *Baker* actions).  *See Ingersoll* ECF No. 20.

12.     As the parties recently noted in their joint *Ingersoll* motion, ECF. No. 20, courts generally stay parallel shareholder derivative actions where a securities class action is pending. *See, e.g., In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1048-49 (N.D. Ill. 2012) (Lefkow, J.); *Brudno v. Wise*, 2003 WL 1874750, at *4 (Del. Ch. Apr. 1, 2003) (granting motion to stay

- 5 -

derivative action and noting that the "derivative claims . . . cannot be adjudicated in full (or even in large measure) until the Federal Securities Action is tried"); *In re STEC, Inc. Derivative Litig.*, 2012 WL 8978155, at *4 (C.D. Cal. Jan. 11, 2012) ("Courts generally stay a shareholder derivative suit until the culmination of a securities class action when the cases arise from the same factual allegations . . . ."). Under such circumstances, the "resolution of the [securities] class [action] claims would significantly simplify the central issue in the derivative case[s]," *In re Groupon Derivative Litig.*, 882 F. Supp 2d at 1049, such that "the sensible ordering of events is for the . . . [securities class] [a]ction to proceed first." *Brudno*, 2003 WL 1874750, at *5 (granting motion to stay). Therefore, staying a shareholder derivative action in favor of a parallel securities action would promote judicial economy. *See In re Community Health Sys., Inc. Stockholder Derivative Litig.*, 2021 WL 4476954, at *1 (D. Del. Sept. 30, 2021) ("Given the significant overlap, a stay of the Derivative Action will promote judicial efficiency.").

13. A stay of the *Ingersoll* and *Gusinsky* Actions is particularly warranted here because the Related Derivative Actions and the Securities Class Action "rest on the same or closely related transactions, happenings or events, and thus will call for the determination of the same or substantially related questions of fact." *Cucci v. Edwards*, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007).

14. Further, "it is likely that [all] sets of plaintiffs [in the Securities Class Action, the *Ingersoll* Action, and the *Gusinsky* Action] will rely on [certain] similar witnesses as the individual defendants' testimony will be necessary to establish the relevant facts in [all three] cases," and "[g]iven the duplicative nature of the facts at issue, staying the [*Ingersoll* and *Gusinsky* Actions] in favor of the [Securities] [C]lass [A]ction would preserve judicial resources and reduce the

- 6 -

litigation burden on the parties and the court." *In re Groupon Derivative Litig.*, 882 F. Supp. 2d at 1051.

15.     Additionally, courts are often inclined to grant requests to stay derivative litigation when it is in its early stages, just like these cases are. See, e.g., *Community Health Sys.*, 2021 WL 4476954, at *2 (granting a stay before defendants responded to complaint and finding that the early stage of the litigation "strongly favor[ed] a stay") (internal quotation marks and citation omitted). Courts also generally favor stays that are tied to the outcome of a reasonably foreseeable potentially dispositive decision, just as the proposed stay is here. *See, e.g., Stein on Behalf of Compass Minerals Int'l, Inc. v. Crutchfield*, 2023 WL 2610275, at *1 (D. Kan. Mar. 23, 2023) (issuing stay where motion to dismiss was anticipated in securities class action).

16.     Finally, a stay is particularly warranted here to promote judicial efficiency and conserve the parties' resources, given other matters related to the Related Derivative Actions. Two purported shareholders of Cummins, the Catherine M. Sugarbaker Family Trust and Roberta Ann K.W. Wong Leung, filed derivative lawsuits on February 5 and 6, 2024, respectively, purportedly on behalf of Cummins against the Individual Defendants. Like the Related Derivative Actions, *Sugarbaker* and *Leung* rely on similar factual allegations that overlap with the Securities Class Action. Those cases were consolidated and stayed pending the resolution of a motion to dismiss the Securities Class Action, and they remain pending in the Central District of California. *See* Order Granting Stipulation Consolidating Related Actions, Appointing Lead Counsel and Temporarily Staying Derivative Action, *Catherine M. Sugarbaker Family Trust, Michael Mongiello Trustee v. Jennifer W. Rumsey et al*, No. 2:24-cv-00975-MEMF-SSC (C.D. Cal. May 1, 2024) ECF No. 24; *Roberta Ann K.W. Wong Leung Rev U/A Dtd 03/09/2018 v. Jennifer W.*

- 7 -

*Rumsey et al*, No. 2:24-cv-00975-MEMF-SSC (C.D. Cal. May 1, 2024) ECF No. 19. Allowing the Southern District of Indiana cases to proceed while the Central District of California cases are stayed could result in conflicting rulings and unnecessary duplication in the future. Granting a stay would prevent that outcome. Upon the final resolution of the Securities Class Action motion to dismiss, when that stay is lifted, defendants in *Sugarbaker* and *Leung* intend to move to transfer the consolidated cases to the Southern District of Indiana for consolidation and/or coordination with the Related Derivative Action as soon as practicable.

17. Moreover, to date, Cummins has received six demands from shareholders seeking corporate records pursuant to Section 23-1-52-2 of the Indiana Code for the purpose of investigating potential causes of action against the Company's current and former officers and directors (the "Records Demands"). It is possible that one or more of the shareholders who sent Records Demands may file additional derivative actions that are substantially similar to the *Ingersoll* and *Gusinsky* Actions.

18. For all of these reasons, Defendants continue to seek consolidation and a stay of the Related Derivative Actions, pending a final resolution on a motion to dismiss the Securities Class Action. ECF No. 46.

19. Defendants respectfully request that the Court extend the existing stay in this action beyond August 30, if not until the *Baker* motion to dismiss is resolved, then at least until the September 12 status conference.

20. We look forward to discussing these matters further and answering any questions the Court may have on September 12.

- 8 -

Dated: August 23, 2024

Respectfully submitted,

/s/ Paul A. Wolfla

Paul A. Wolfla

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul A. Wolfla, Atty No. 24709-49
300 N. Meridian Street, Suite 2500
Indianapolis, Indiana 46204
Telephone: (317) 237-1241
Facsimile: (317) 237-1000
Email: paul.wolfla@faegredrinker.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Michael G. Bongiorno
Timothy J. Perla
Sonia Sujanani
60 State Street
Boston, Massachusetts
Telephone: (617) 526-6145
michael.bongiorno@wilmerhale.com
timothy.perla@wilmerhale.com
sonia.sujanani@wilmerhale.com

*Attorneys for Cummins and the Individual Defendants*

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 23, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the following parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

Scott D. Gilchrist
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
sgilchrist@cohenandmalad.com

James M. Ficaro
John J. Gross
The Weiser Law Firm, P.C.
Four Tower Bridge 200
Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
jficaro@weiserlawfirm.com
jgross@weiserlawfirm.com

/s/ Paul A. Wolfla

- 10 -