# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| TOM BAKER, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>CUMMINS INC., N. THOMAS LINEBARGER, JENNIFER RUMSEY, and MARK A. SMITH,<br><br>     Defendants. | CASE NO. 1:25-cv-00430-TWP-MKK<br><br>CLASS ACTION |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation"), dated December 8, 2025, is entered into among Lead Plaintiff Richard Kraemer ("Lead Plaintiff" or "Kraemer"), on behalf of himself and each of the Settlement Class Members, and Defendants Cummins Inc. ("Cummins"), N. Thomas Linebarger, Jennifer Rumsey, and Mark A. Smith (collectively, "Defendants"), by and through their respective counsel of record in this Action. This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle all claims asserted in this Action against Defendants, subject to the approval of the United States District Court for the Southern District of Indiana (the "Court") and the terms and conditions as set forth herein.[1]

## I.    THE LITIGATION

This is a putative class action alleging claims under the federal securities laws. For purposes of this Settlement only, the Settlement Class is defined in Section II.B herein, and Lead

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in Section II.B herein.

Plaintiff and Defendants (the "Parties" and each of them a "Party") intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### A.    Procedural History of the Litigation

This Action began on January 15, 2024, when Tom Baker ("Baker") filed a putative securities fraud class action complaint in the United States District Court for the Central District of California against Defendants, alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), styled as *Baker v. Cummins Inc., et al.,* Case No. 2:24-cv-00369 (C.D. Cal.) (Dkt. No. 1).

On March 15, 2024, Kraemer filed a motion to be appointed lead plaintiff and to approve his selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. (Dkt. No. 11). No other competing motions were filed. On October 3, 2024, the Judge Maame Ewusi-Mensah Frimpong held a telephonic hearing on Kraemer's lead plaintiff and lead counsel motion. (Dkt. No. 30). On October 3, 2024, Judge Frimpong entered an order stating that Kraemer was the presumptive lead plaintiff, but ordered him and Baker to publish an updated notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") regarding the litigation. (Dkt. No. 32). Rosen Law timely issued the updated PSLRA notice. (Dkt. No. 34).

On January 6, 2025, Defendants filed a Consented Motion to Transfer Venue. (Dkt. No. 35). The parties also stipulated to waive oral argument. (Dkt. No. 36).

On February 25, 2025, Judge Frimpong appointed Kraemer as Lead Plaintiff and approved his selection of Rosen Law as Lead Counsel. (Dkt. No. 38).

On March 4, 2025, Judge Frimpong granted the Consented Motion to Transfer Venue. (Dkt. No. 39). On March 5, 2025, the Action was transferred to this Court. (Dkt. No. 40).

On March 26, 2025, Lead Plaintiff and Defendants each filed their Local Rule 16-2 Statement of Position After Transfer. (Dkt. Nos. 60, 61). On March 28, 2025, the Parties filed a Joint Motion for Establishment of Interim Schedule and for Relief from Obligation Imposed by Rule 16-1(c). (Dkt. No. 62). On April 2, 2025, the Parties filed a Joint Status Report. (Dkt. No. 67). On April 7, 2025, the Court held a Telephonic Status Conference and entered the Parties' proposed schedule. (Dkt. Nos. 71, 74).

On April 25, 2025, Lead Plaintiff filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (Dkt. No. 78). Defendants filed a motion to dismiss on May 23, 2025. (Dkt. Nos. 79-81). Lead Plaintiff filed several unopposed motions for extension of time to respond to the Complaint, that were each granted. (Dkt. Nos. 82-89).

On October 9, 2025, with Defendants' permission, Lead Plaintiff filed a Notice of Preliminary Settlement. (Dkt. No. 90).

### B.    Settlement Negotiations

On September 25, 2025, following the submission of written position statements, the Parties participated in a virtual mediation session with John R. Van Winkle of Van Winkle Baten Dispute Resolution of Carmel, Indiana. In advance of that session, the Parties exchanged and submitted detailed confidential mediation statements to Mr. Van Winkle. After engaging in a vigorous exchange of views, Mr. Van Winkle issued a mediator's proposal that the Parties accepted to settle this Action in its entirety for $1,600,000.00.

### C.    Lead Plaintiff's Assessment of the Claims and Benefits of Settlement

Although Lead Plaintiff believes that the claims asserted in the Complaint have merit, Lead Plaintiff and Lead Counsel recognize the substantial risk that the Complaint may not survive Defendants' motion to dismiss. In the event the Court granted the motion, Lead Plaintiff and the putative class would receive nothing. Even if Lead Plaintiff were to prevail against Defendants'

motion to dismiss, Lead Plaintiff and Lead Counsel are mindful of inherent problems of proof, possible defenses to the violations asserted in the litigation, and possible limitations on damages. Lead Plaintiff and Lead Counsel, based upon their thorough evaluation, believe that the Settlement set forth in the Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class Members and that it confers substantial benefits upon Settlement Class Members. Lead Plaintiff and Lead Counsel shall use their best efforts to obtain final Court approval of the Settlement.

      **D.**    **Defendants' Denials of Wrongdoing and Liability**

      Defendants have denied, and continue to deny, *inter alia*, that they engaged in any wrongdoing of any kind, including, without limitation, that they committed any act or omission giving rise to any liability or violation of the law. Specifically, Defendants have denied, and continue to deny, each and all of the claims and contentions alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in this Action. Defendants have denied, and continue to deny, that they violated or breached any law, regulation, or duty owed to Lead Plaintiff or the Settlement Class, failed to disclose any material information to investors, acted in any deceitful manner, or that their public statements were false or misleading, or that Lead Plaintiff and the Settlement Class suffered any damages or were harmed by the conduct alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law, and that the claims asserted against Defendants are without merit. In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.

      As set forth below, neither the Settlement nor any of the terms of this Stipulation shall be construed as, deemed to be evidence of, or constitute an admission or finding of, any violation,

fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in this Action. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have concluded that it is desirable and beneficial that the Action be terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.     Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff, the Settlement Class, and each of them, and Defendants, by and through their respective undersigned counsel or attorneys of record, that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.     Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0     "Action" means the case captioned *Baker v. Cummins Inc., et al.*, Case No. 1:25-cv-00430-TWP-MKK, pending in the United States District Court for the Southern District of Indiana, and including any and all complaints filed in this Action.

1.1     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Claim Form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Claimant" means a Settlement Class Member who submits a Claim Form in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means Strategic Claims Services ("SCS"), the firm retained by Lead Counsel to administer the Settlement, including emailing notice to Settlement Class Members, arranging for publication of notice in the form of Exhibits A-1 and A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.4    "Class Period" means the period from February 11, 2019 to December 21, 2023, both dates inclusive.

1.5    "Court" means the United States District Court for the Southern District of Indiana.

1.6    "Defendants" means Cummins Inc., N. Thomas Linebarger, Jennifer Rumsey, and Mark A. Smith.

1.7    "Defendant Claims" means any and all counterclaims and bases for relief, claims, rights, demands, suits, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or Unknown Claims, that Defendants and their Released Parties could have raised in the Action against Lead Plaintiff, Lead Counsel, or any Settlement Class Member, whether arising under state, federal, common, or foreign law, which arise out of or are related to the commencement and prosecution of the Action (except for claims to enforce the Settlement), including claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.8    "Defense Counsel" means Wilmer Cutler Pickering Hale & Dorr LLP and Faegre Drinker Biddle & Reath LLP.

1.9    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of this Stipulation have occurred and/or been met.

1.10    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of this Stipulation and any order of the Court.

1.11    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12    "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

1.13    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.14    "Final," with respect to this Settlement, means that: (i) the Court has entered an order finally approving the Settlement in all material respects including, but not limited to, certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the Releases set forth herein, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiff or any appeals solely related thereto.

1.15    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.16    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.17    "Lead Counsel" means The Rosen Law Firm, P.A.

1.18    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory awards to Lead Plaintiff approved by the Court, and Notice and Administration Costs.

1.19    "Notice" means collectively, the (i) Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"); and (ii) the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1 and A-3 on the Claims Administrator's website and/or emailed to Settlement Class Members and/or published on newswires.

1.20    "Notice and Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; the cost of emailing the Long Notice; publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, and reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting claims from Settlement Class Members; assisting with

the filing of claims; processing Claim Forms; administering and distributing the Net Settlement Fund to Authorized Claimants; preparing returns and ensuring all taxes due on the Settlement Fund are paid; and paying escrow fees and costs, if any.

1.21    "Parties" means Lead Plaintiff, on behalf of himself and the Settlement Class Members, and Defendants.

1.22    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and for each of them their respective heirs, successors-in-interest, or assigns.

1.23    "Plaintiff's Counsel" means Lead Counsel and Pavlack Law, LLC.

1.24    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court. Any Plan of Allocation is not part of this Stipulation, and Defendants shall have no responsibility or liability with respect thereto.

1.25    "Preliminary Approval Order" means an order by the Court, substantially in the form attached hereto as Exhibit A, preliminarily certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, scheduling a Settlement Fairness Hearing, and authorizing Notice thereof to the Settlement Class and related matters.

1.26    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.27    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.28    "Released Parties" means Lead Plaintiff, Defendants, and any of their respective attorneys (including Plaintiff's Counsel and Defense Counsel), present and former parents,

affiliates, subsidiaries, officers, directors, employees, agents, insurers, legal representatives, heirs, predecessors, successors, assigns, or assignees.

1.29    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.2.

1.30    "Settlement" means the settlement contemplated by this Stipulation.

1.31    "Settlement Amount" means the Settlement consideration for a full and complete settlement of all Released Claims being paid or being caused to be paid by Defendants in the amount of one million six hundred thousand dollars ($1,600,000).

1.32    "Settlement Class" means all persons or entities who purchased publicly-traded Cummins common stock between February 11, 2019 and December 21, 2023, both dates inclusive, and suffered compensable damages thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers, directors, or control persons of Cummins at all relevant times; their Immediate Family Members and their legal representatives, heirs, successors, predecessors, or assigns; present and former parents, subsidiaries, assigns, successors, and predecessors of Cummins; and any entity in which any of the persons excluded under this subsection (b) has or had a controlling or majority ownership interest at any time. Also excluded from the Settlement Class are those Persons who submit a valid and timely request for exclusion in accordance with the Preliminary Approval Order.

1.33    "Settlement Class Claims" means any and all claims, rights, demands, suits, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, both known and Unknown Claims, alleged or

which could have been alleged by Lead Plaintiff or any Settlement Class Member in the Action against Defendants or against any other of the Released Parties in any court of competent jurisdiction or any other adjudicatory tribunal that arise out of, are based upon, are in any way related to, or are in consequence of any of the facts, allegations, transactions, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts, claims, omissions, or failures to act that were: (i) involved, set forth, or referred to in any of the complaints filed in the Action, or that otherwise would have been barred by *res judicata* had the Action been fully litigated to a final judgment; and (ii) relate to the purchase or sale of Cummins common stock during the Class Period. Provided, however, that Settlement Class Claims do not include: (i) any derivative claims asserted on behalf of Cummins; (ii) any claims relating to the enforcement of the Settlement; and (iii) any claims by persons or entities who or which submit a request for exclusion that is accepted by the Court.

1.34    "Settlement Class Member" means a Person that is a member of the Settlement Class that does not exclude himself, herself, themself, or itself by filing a valid request for exclusion in accordance with the requirements set forth in the Notice. "Settlement Class Members" means all such Persons.

1.35    "Settlement Distribution Order" means the Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.36    "Settlement Fairness Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Action on the terms and conditions provided for

in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Lead Counsel for their efforts and any compensatory awards that should be awarded to Lead Plaintiff for his service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory awards to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

1.37    "Settlement Fund" means the Settlement Amount, plus any interest earned thereon, before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.38    "Taxes" and "Tax Expenses" means: (i) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.8 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.39    "Unknown Claims" means and includes: (i) any and all Settlement Class Claims that Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her, or its decision not to object to this Settlement or seek exclusion from the Settlement Class; and (ii) any and all Defendant Claims that any Defendant or Released Party does not know or

suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to the Released Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, Defendants and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, and all Released Parties shall expressly, fully, finally, and forever settle and release any and all Released Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future with respect to the matters alleged in the Complaint, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Settlement Class

Members and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and is a material element of the Settlement.

    **C.**    **The Settlement**

        **a.**    **Settlement Amount**

    2.0    In consideration of the full and final settlement of the Settlement Class Claims, Cummins shall pay or cause to be paid via check or wire the Settlement Amount ($1,600,000.00) to the Escrow Agent for deposit into the Settlement Fund within thirty (30) calendar days after the later of: (i) transmission to Defense Counsel of complete payment instructions, including the bank name and ABA routing number, a signed Form W-9 providing the tax identification number for the Escrow Account; or (ii) Court granting Preliminary Approval of the Settlement, and any other information reasonably requested to facilitate payment.

    2.1    Defendants' sole financial obligation to Lead Plaintiff, the Settlement Class Members, and Lead Counsel under this Stipulation shall be as set forth in ¶ 2.0, and under no circumstances shall Defendants have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel, and any compensatory award to Lead Plaintiff as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

        **b.**    **The Escrow Agent**

    2.2    At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a

U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants, Defense Counsel, and their Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c.     Handling and Disbursement of Funds by the Escrow Agent

2.3     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defense Counsel and Lead Counsel. Defendants, Defense Counsel, and their Released Parties have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Defendants, Defense Counsel, and their Released Parties harmless for any transaction executed by the Escrow Agent.

2.4     No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.7 regarding Notice and Administration Costs, ¶ 2.8 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Upon the Effective Date and thereafter, there

shall be no reversion whatsoever of any of the Settlement Amount to any of Defendants or their Released Parties.

### d.    Notice and Administration Costs

2.6    At any time after entry of the Preliminary Approval Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to $325,000 from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional, reasonable, and necessary additional Notice and Administration Costs without further order of the Court.

2.7    Lead Plaintiff and Plaintiff's Counsel, Defendants and Defense Counsel, and the Released Parties shall not bear any liability for Notice and Administration Costs.

### e.    Taxes

2.8    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court but shall not be considered or treated as part of the Notice and Administration Costs.

(e)     Defendants, Defense Counsel, Lead Plaintiff, Settlement Class Members, Plaintiff's Counsel, and their respective Released Parties shall have no liability or responsibility for Taxes and Tax Expenses. The Escrow Agent shall indemnify and hold each of them harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Defendants, Defense Counsel, Lead Plaintiff, Settlement Class Members,

Plaintiff's Counsel, nor their respective Released Parties are responsible therefor, nor shall they have any liability with respect thereto.

(g)    The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.

### f.    Termination of Settlement

2.9    Defendants shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to Lead Counsel within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Seventh Circuit Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award to Lead Plaintiff shall not be considered material to this Stipulation and shall not be grounds for termination.

2.10    Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of his election to do so to Defense Counsel within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material

respect as to Defendants without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Seventh Circuit Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award to Lead Plaintiff shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.0 of this Stipulation, then Lead Plaintiff, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) terminate the Settlement; or (b) apply to the Court to enforce the terms of the Settlement and this Stipulation, but only if (i) Lead Counsel has first notified Defense Counsel in writing of Lead Plaintiff's intent to terminate or pursue a judgment pursuant to this paragraph, and (ii) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.12    If, before the Settlement Fairness Hearing, any persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto (or as otherwise accepted as valid by the Court), and such persons in the aggregate have purchased a number of shares of common stock damaged during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Parties, Cummins shall have the option to terminate the Settlement and this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than as required by law, via the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute

arises among the Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

2.13    If: (i) Cummins exercises its right to terminate the Settlement as provided in this Stipulation; or (ii) Lead Plaintiff exercises his right to terminate this Settlement as provided in this Stipulation, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.1, 9.16);

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice and Administration Costs pursuant to ¶ 2.6 above, shall be refunded by check or wire transfer within fifteen (15) calendar days of written notification of termination by Defense Counsel or Lead Counsel to the Escrow Agent. Such payments shall be in accordance with written instructions provided by Defense Counsel; and

(c)    The Parties shall revert, without prejudice, to their respective positions in the Action as of October 9, 2025.

**D.    Class Certification**

3.0    For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (ii) appointment of Lead Plaintiff as class representative; and (iii) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this Stipulation, Lead Plaintiff, with Defendants' consent, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will preliminarily

certify the Action to proceed as a class action for settlement purposes only. The preliminary certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

3.1    The Parties' agreement as to certification of the Action is solely for purposes of effectuating a settlement and for no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to class certification, and reserve all rights to contest class certification, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation otherwise fails to become effective, this agreement as to certification of the Action becomes null and void *ab initio*, and this Stipulation or any other settlement-related statement may not be cited regarding class certification, or in support of an argument for certifying a class for any purpose related to this or any other proceeding.

**E.    Preliminary Approval Order, Notice, and the Settlement Hearing**

4.0    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, inter alia: (1) grant preliminary approval to the Settlement; (2) preliminarily certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to the Settlement Class substantially in the form of Exhibits A-

1 and A-3 hereto, along with provision of a Claim Form substantially in the form of Exhibit A-2; and (4) schedule the Settlement Fairness Hearing.

4.1     The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel, and compensatory award to Lead Plaintiff; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation, Notice, Claim Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2     To assist in dissemination of Notice, within seven (7) days after the Court enters a Preliminary Approval Order, Defendants will provide Cummins's transfer records concerning the identity of Settlement Class Members, including any names, addresses, and email addresses of Settlement Class Members and nominees or custodians that exist in such transfer records ("Class Information") to Lead Counsel. Defendants shall provide, or cause to be provided, the Class Information at no cost to Lead Plaintiff or Lead Counsel. The Class Information shall be provided in electronic searchable form, such as an Excel spreadsheet or other form as is reasonably available to Cummins. The Parties acknowledge that any information Defendants provide to Lead Counsel or the Claims Administrator pursuant to this ¶ 4.2 shall be treated as confidential and will be used by Lead Counsel and/or the Claims Administrator solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

4.3     No later than ten (10) days following the filing of this Stipulation with the Court, Defendants shall serve, or cause to be served, the notice required under the Class Action Fairness Act of 2005 ("CAFA") pursuant to § 1715 of Title 28 of the United States Code. Within fourteen

(14) days of entry of the Preliminary Approval Order, Defendants will serve Lead Counsel and file with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

**F.    Releases**

5.0    The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to Lead Plaintiff, Defendants, their respective Released Parties, and any and all Released Claims.

5.1    Upon the Effective Date of this Settlement, Lead Plaintiff, all Settlement Class Members (whether or not they submit a Claim Form or share in the Net Settlement Fund), and their Released Parties, on behalf of themselves, anyone claiming through or on behalf of any of them, their personal representatives, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Settlement Class Claims, and shall be deemed by this Settlement to, and shall be forever barred and enjoined from commencing, instituting, assisting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any of the Settlement Class Claims.

5.2    Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Action, Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of their Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every one of the Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

23

G.    **Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Net Settlement Fund**

6.0    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1    Defendants, Defense Counsel, and their Released Parties, shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Net Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiff. Any such awards shall be paid solely by the Settlement Fund.

6.2    The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice and Administration Costs; to pay any Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay any compensatory award to Lead Plaintiff to the extent allowed by the Court; and, upon Court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, and the Plan of Allocation.

6.3    After the Effective Date, Lead Counsel, on behalf of Lead Plaintiff, shall apply to the Court, on notice to Defendants, for the Settlement Distribution Order. The Net Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to any Fee and Expense Application, any Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final, and (c) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)    Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Claim Form, substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable. Copies of all requests for exclusion received shall be sent to Defense Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than five (5) days of receipt thereof. Copies of all written retractions of requests for exclusion received, shall be sent to Defense Counsel and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than three (3) calendar days prior to the Settlement Fairness Hearing.

(ii)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Claim Form, or who file a Claim Form that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.4    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount

of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Claim Forms.

6.5    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Defendants, Defense Counsel, the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $10.00 payment; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund

six months after such second distribution, then such balance shall be contributed to a non-profit organization(s) chosen by Lead Counsel.

6.7    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or any of their Released Parties.

6.8    Defendants, Defense Counsel, and their Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the administration, management, investment, allocation, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; and (vi) the payment or withholding of any Taxes and Tax Expenses. No Person shall have any claim of any kind against Defendants, Defense Counsel, or their Released Parties with respect to the matters set forth in ¶¶ 6.1-6.8 herein.

6.9    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to this Stipulation.

### H.    Attorneys' Fees and Expenses

7.0    Lead Counsel may submit an application(s) (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Additionally, Lead Counsel may make an application for any compensatory award to Lead Plaintiff for his service to the Settlement Class. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, solely from the Settlement Fund, within five (5) business days upon entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

7.2    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3    Although they may both be addressed at the Settlement Fairness Hearing, any Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this

Stipulation. Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

**I.      Effect of Disapproval, Cancellation or Termination**

8.0     The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)     Approval by the Court of the Settlement following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)     The Settlement Amount has been paid into the Settlement Fund;

(c)     Cummins has not exercised its option to terminate the Stipulation pursuant to the Supplemental Agreement; and

(d)     Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of any compensatory award to Lead Plaintiff, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.3 hereof. If all of the conditions specified in ¶ 8.0 herein are not met, then this Stipulation shall

be canceled and terminated subject to ¶ 8.2 herein, unless Lead Counsel and Defense Counsel mutually agree in writing to proceed with the Settlement.

8.2     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than fifteen (15) calendar days after written notification of such event is sent by Defense Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶ 2.9 or 2.10 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶ 2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement or any taxes or tax expenses due or owing pursuant to ¶¶ 2.6 and 2.8 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer. Such payments shall be pursuant to written instructions from Defense Counsel.

8.3     In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, then the terms and provisions of this Stipulation, with the exception of ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.1, 9.16 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4     In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, Lead Plaintiff, Settlement Class Members, Plaintiff's Counsel, the Claims Administrator, and the

Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund. In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation before the balance is refunded in accordance with ¶ 8.2.

### J.      No Admission of Wrongdoing; Miscellaneous Provisions

9.0      Defendants deny any wrongdoing, liability or violation of law or regulation whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to, any claim of any fault or liability or wrongdoing or damage or violation of law or regulation whatsoever, or any infirmity in any defenses that Defendants have asserted or could assert in the Action.

9.1      This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)      Against any of the Defendants or their Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants or their Released Parties with respect to the truth of any fact alleged by Lead Plaintiff in this Action or the validity of any claim that has been or could have been asserted against any of the Defendants or their Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants.

(b)      Against any of the Defendants or their Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or their Released Parties that were alleged or could have been alleged in this Action.

(c)     Against any of the Defendants, Lead Plaintiff, Settlement Class Members, or the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of them with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, Lead Plaintiff, Settlement Class Members, or the Released Parties in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation. Additionally, if this Stipulation is approved by the Court, Defendants, Lead Plaintiff, Settlement Class Members, and the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)     Against any of the Defendants or their Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents an amount which could or would have been received after trial of the Action;

(e)     Against Lead Plaintiff or Settlement Class Members, or their Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the claims asserted in the Action are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount;

(f)     Against Lead Plaintiff, Settlement Class Members, Lead Counsel, or their Released Parties as evidence of, or construed as evidence of, any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

9.2     Defendants and/or their respective Released Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, offset or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.3     The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiff or the Settlement Class Members against Defendants, Defense Counsel, and all of their Released Parties concerning the Settlement Class Claims and by Defendants against Lead Plaintiff and Settlement Class Members and their counsel, including Lead Counsel, and their Released Parties concerning the Defendant Claims. Accordingly, the Parties agree not to assert in any forum that the litigation was brought by Lead Plaintiff or defended by the Defendants in bad faith or without a reasonable basis. The Parties, and each of them, shall not assert or pursue any action, claim, or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and the Settlement was reached voluntarily after consultation with experienced legal counsel.

9.4     The Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and

Defense Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation, and the Settlement, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.5     Neither Lead Plaintiff, Settlement Class Members, nor Defendants shall be bound by this Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.6     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering any orders necessary for its implementation, providing the Fee and Expense Award to Lead Counsel and any compensatory award to Lead Plaintiff, ordering distribution of the Net Settlement Fund, and enforcing the terms of this Stipulation. All parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.7     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.10    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement (as described in ¶ 2.12, *supra*) constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties and covenants contained and memorialized in such documents.

9.11    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related Settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or email shall be deemed originals.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

9.14    Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by John R. Van Winkle of Van Winkle Baten Dispute Resolution by way of expedited telephonic mediation. If such mediation fails to produce an agreed resolution,

then the dispute(s) shall be submitted to the Court for final, non-binding, non-appealable resolution.

9.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Indiana and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Indiana without giving effect to that State's choice of law principles.

9.16    This Stipulation is deemed to have been prepared by Lead Counsel and Defense Counsel, as a result of arm's length negotiations among the Parties. Whereas the Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one Party than another.

9.17    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon receipt of overnight courier, emailed PDF, or similar-format electronic document.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel, then to: | Brian B. Alexander<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Email: balexander@rosenlegal.com |
| If to Defendants or Defense Counsel, then to: | Timothy J. Perla<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Email:  timothy.perla@wilmerhale.com |

9.18    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.19    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated December 8, 2025.


**THE ROSEN LAW FIRM, P.A.**

_[signature]_

Brian B. Alexander (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: balexander@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*


**PAVLACK LAW, LLC**
Eric S. Pavlack (SBN 21773-49)
Colin E. Flora (SBN 29914-49)
50 E. 91st St., Ste. 305
Indianapolis, IN 46240
Telephone: (317) 251-1100
Fax: (317) 252-0352
Email: Eric@PavlackLawFirm.com
Email: Colin@PavlackLawFirm.com

*Local Counsel for Lead Plaintiff and Class*


**WILMER CUTLER PICKERING  HALE AND DORR LLP**

_Timothy Perla_

Michael G. Bongiorno (*pro hac vice*)
Timothy J. Perla (*pro hac vice*)
Sonia Sujanani (*pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Email: michael.bongiorno@wilmerhale.com
Email: timothy.perla@wilmerhale.com
Email: sonia.sujanani@wilmerhale.com


**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul A. Wolfla
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-1241
Fax: (317) 237-1000
Email: paul.wolfla@faegredrinker.com

*Counsel for Defendants*